## UNREASONABLE DELAY IN TENDER BACK OF GOODS.

Circuit Court of Cuyahoga County.

THE WINTON MOTOR CARRIAGE CO. v. CLARENCE M. BUSCH.*

Decided, June 4, 1906.

*Sales—Rescission for Breach of Warranty Must be Made Within a Reasonable Time.*

Where vendee claims a breach of warranty and rescission of a contract of sale with a tender back of the goods, evidence consisting of correspondence between the parties at a time six months before the goods were tendered back, in which vendor denies the existence of a warranty, shows an unreasonable delay in making the tender back and defeats vendee's right to recover the purchase price.

*Sterling Parks* and *W. H. McMorris,* for plaintiff in error.
*Carr, Stearns & Chamberlain,* contra.

WINCH, J.; HENRY, J., and LAUBIE, J., concur.

Clarence M. Busch brought his action against the Winton Motor Carriage Company in the Common Pleas Court of Cuyahoga County and filed his petition as follows:

For a cause of action the plaintiff says that on or about the first day of June, 1903, he purchased from the defendant a Winton motor carriage of the model 1903, for an agreed price of twenty-five hundred and thirty-four dollars and forty cents ($2,534.40).

Plaintiff says that at the time of said purchase he stated to defendant that he would buy the said motor carriage only upon the condition that the said motor carriage was capable of making

---

*Affirmed without opinion, *Busch* v. *Winton Motor Carriage Co.,* 77 Ohio State, 619.

and maintaining a speed of forty-five miles an hour, and that the defendant represented and expressly warranted that said motor carriage could and would make good and maintain a speed of forty-five miles an hour.

Plaintiff says that relying upon said representations he bought said motor carriage on or about the 4th day of June, 1903, and on the said 4th day of June, 1903, paid to the defendant twenty-five hundred dollars ($2,500) upon said purchase price, and on the 30th day of July, 1903, paid the said thirty-four dollars and forty cents to defendant, the said tyenty-five hundred and thirty-four dollars and forty cents being the purchase price in full of said motor carriage.

Plaintiff says that the said motor carriage did not and could not make and maintain a speed of forty-five miles an hour and did not and could not make and maintain a speed of thirty miles an hour, and that he immediately notified defendant that the said motor carriage was not able to maintain said required speed of forty-five miles an hour and at the request of the said defendant returned said motor carriage to the defendant for repairs and for the purpose of changing the said motor carriage so as to make it conform to said warranty, and that between the 9th day of July, 1903, and about the first of November, 1903, the said defendant had said motor carriage in their possession from time to time and endeavored to fix and change the same to make it conform to said warranty, but were unable to do so.

Plaintiff says that on the 23d day of January, 1904, he notified the defendant that the said motor carriage was held by him subject to the order of the defendant and offered to return the same upon the repayment of the said sum of twenty-five hundred and thirty-four dollars and forty-five cents ($2,534.45), with interest as aforesaid from June 4th, 1903.

It will be noticed that the plaintiff bases his cause of action upon a sale and delivery of the machine on June 6, 1903, on which day he paid $2,500 of the purchase price and on July 30, 1903, the balance of $34.45, and a rescission of the contract and tender back of the machine on January, 23, 1904, some seven months and seventeen days later. He stands squarely upon an alleged rescission of the contract.

An amended answer filed by the defendant denies the alleged warranty that the machine would run forty-five miles an hour and all allegations except the sale and delivery of the machine for the price stated and the payment thereof.

The case was tried to a jury, which found for the plaintiff in the full sum claimed by him, the trial court submitting to it three questions:

1. Whether the sale was made upon the conditions that the stipulated speed could be maintained.

2. Whether the car could make the stipulated speed.

3. Whether, under all the circumstances, the plaintiff tendered back the car within a reasonable time.

The court instructed the jury that it must find for the plaintiff on each proposition, in order that the plaintiff might recover.

The plaintiff's evidence consisted largely of letters written by him to the company and its agents and received by him from them.

They exhibit many troubles that the purchaser had with his machine and complaints with regard thereto; and he complains that the machine did not go fast enough to suit him. But it would seem that the jury did not give the proper weight to three letters which passed between the parties on July 17, 18 and 20, 1903. I will read them:       \

"July 17, 1903.

"Mr. C. M. Busch,
    Atlantic City, N. J.

"*Dear Sir*: Your letters of the 14th and 16th received, also your postal card of yesterday. There is a little side play in the crank shaft of all the touring cars, to be sure it is not much, but it is there and you need have no worry on that account. I am unable to send you the freight bill from the Pennsylvania Railroad as it has been mislaid, but I am trying to get the duplicate of it. I do not know what you can do as the rate is for 6000 pounds and not 4000 pounds. I am sending you another spring to be put in the breaker box plunger behind the spark point. I have word from the company that it is more than likely you need a little stiffer spring than the one you were using. This one may not be any better, but you can try it and if not we will try and get you a stiffer spring. *I am afraid that you are prejudiced in favor of the foreign cars which in comparison are*

*far more expensive than the Winton car, and much more expensive to keep up. The 1903 Winton car was never intended for racing and I told you this before you bought it.* I trust this new spring will help matters for you; if not, please let me know.

"Very truly yours,
"A. R. MALTBY, *Mgr.*, per FRENCH.

"Many thanks for spring which has not yet arrived. I am in hopes it will solve the difficulty. If this car would hold the speed it attains momentarily, it would answer my purpose entirely. *I don't want a racer at all. Races between cars of 36 mile speed can hardly be termed 'racing' in the accepted sense of the word. I only want it to do all it is capable of,·well.* Again thanking you for your kind attention I am, Truly, C. M. Busch.

"July 20, 1903.
"MR. C. M. BUSCH,
Atlantic City, N. J.
"*Dear Sir*: Your letter of the 18th received, and I beg to enclose a freight bill which we paid the Pennsylvania Railroad Company, and I also have another duplicate bill which only goes to show that the rate I name is correct. I asked the company for a duplicate bill.   *   *   *   When I sold you this car I told you it would not do much more than 30 miles an hour the way it was geared, and that it was a touring car pure and simple; however, I did say with a smaller sprocket on the rear it would be capable of doing much faster work. We have had cars do as high as 45 miles an hour."   *   *   *

It thus appears that if the agent of the company ever warranted the machine to run forty-five miles an hour, by these letters the purchaser was fully advised that the machine he bought could not make that speed and that the company would not make such warranty good.

Notwithstanding this notice to him, the purchaser ten days later paid the balance of the purchase price and kept the machine six months longer without offering to return it.

By these letters he was called upon to elect whether he would rescind the contract and return the machine within a reasonable time, or keep the machine and sue for such damages as he might be able to prove.

We think the six months was too long for him to delay and that the proof clearly shows that the offer to return the machine was not made within a reasonable time. It follows that the verdict is against the weight of the evidence and that the motion for a new trial should have been granted.

Judgment reversed.

---

### THE EXCEPTION UNDER THE BIGAMY STATUTE.